**A. ZERKOWITZ & CO., Inc., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5348.**

United States Court of Customs
and Patent Appeals.

March 18, 1971.

Sharretts, Paley, Carter & Blauvelt, New York City, attorneys of record, for appellant; Eugene F. Blauvelt, Gail T. Cumins, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Frederick L. Ikenson, New York City, for the United States.

Lamb & Lerch, New York City, amici curiae; David A. Golden, New York City, of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

## ON PETITION FOR REHEARING

### PER CURIAM:

Because appellee's petition for rehearing exhibits considerable misunderstanding of the effect of our decision in this case, we will treat it as a petition for clarification. However, as a petition for rehearing, it is denied.

Broadly speaking, there were two issues in this case, namely, whether it was proper to attempt an American selling price appraisement and whether the attempted American selling price appraisement was properly effected. We decided that it was proper to attempt an American selling price appraisement, but that the record indicated that a proper American selling price appraisement could have been but was not effected in all cases in that at least some of the imported shoes were appraised on the basis of the American selling price of domestic shoes which were not legally "similar."

While we could have held the importer precluded from further litigation on the basis that it could have proved but did not prove which domestic shoes, other than the Rovers, were "similar" to the imported shoes at the time of their exportation, we did not do so because, in view of the complexities of the case, the equities seemed to dictate that the importer be given another chance to prove facts the relevancy of which was clearly not appreciated below.

To allay appellee's fears, we emphasize that, even though we decided that at least some of the shoes were incorrectly appraised, the burden is still on appellant to prove the basis of an alternative appraisement, United States v. New York Merchandise Co., C.A.D. 1004, 5 Cust.Bull. & Dec. No. 1, pp. 4, 7–8 (Dec. 17, 1970), which must be on the basis of the American selling price of some domestic shoe. Thus, if the importer wishes to have those shoes which were incorrectly appraised on the basis of legally dissimilar Rover shoes reappraised on the basis of some other shoe, it will now be up to it to prove which shoe that should be—failing which, the appraisement will stand.

Denied.