(R.D. 11773)

A. ZERKOWITZ & CO., INC. v. UNITED STATES

Entry Nos. 961416, etc.

(Decided on remand [C.A.D. 1005] October 20, 1972)

*Sharretts, Paley, Carter & Blauvelt* (*Eugene F. Blauvelt* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*Frederick L. Ikenson,* trial attorney), for the defendant.

MALETZ, Judge: The above-captioned case having been remanded from the Court of Customs and Patent Appeals and plaintiff having moved for an Order dismissing the case, the court makes the following findings of fact and conclusions of law:

## Findings of Fact

1. The merchandise involved herein consists of so-called tennis oxfords, having uppers wholly or in chief value of cotton and soles wholly or in chief value of rubber, exported from Japan in 1959.

2. The imported merchandise was of the class or kind described in Presidential Proclamation No. 2027, dated February 1, 1933, 63 Treas. Dec. 232, T.D. 46158.

3. The imported merchandise was of the kind described in paragraph 1530(e), Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865.

4. The imported merchandise was appraised on the basis of the American selling prices of a circular vamp oxford produced by the United States Rubber Company, called the "Rover", a style in the line sold under the registered brand name "U.S. Keds".

5. The Court of Customs and Patent Appeals remanded this case for the purpose of permitting this court to determine which, if any, importations of the Japanese tennis shoes, at the time of exportation, were "similar" to the domestically manufactured "Rover" being sold for domestic consumption and which were not. *A. Zerkowitz & Co.* v. *United States*, 58 CCPA 60, 68, C.A.D. 1005, 435 F.2d 576 (1970), *reh. den.*, 58 CCPA 72, 438 F.2d 1240 (1971), *cert. den.*, 404 U.S. 831 (1971).

6. On remand from the Court of Customs and Patent Appeals, plaintiff has moved for an Order dismissing this case.

## Conclusions of Law

1. The proper basis for determining the values of the imported merchandise is the American selling price, as defined in section 402a (g), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943.

2. Under the authority of the decision on rehearing of the Court of Customs and Patent Appeals in *A. Zerkowitz & Co., supra,* 58 CCPA

72, the dutiable values of the imported merchandise are the appraised values.

3. Based on the foregoing, it is concluded that the appeals for reappraisement in this case should be dismissed.

Judgment will be entered accordingly.