**RACHELLE LABORATORIES, INC.**

v.

**UNITED STATES.**

**C.D. 4416.**

United States Customs Court.

Decided April 10, 1973.

Glad, Tuttle & White, Los Angeles, Cal. (Edward N. Glad, Los Angeles, Cal., of counsel), for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen. (Joseph I. Liebman, New York City, trial attorney), for defendant.

RICHARDSON, Judge:

The merchandise of these consolidated actions consists of a chemical described as Chloramphenicol Intermediate D-threo - 1 - p - nitrophenyl - 2 - amino-propnediol-(1.3), which is commonly referred to as "levo base", and said to be the 12th intermediate in the manufacture of chloramphenicol. The levo base at bar was exported from West Germany between July and September of 1968, entered at the port of Los Angeles, California, and advanced in value under appraisement based on American selling price as defined in 19 U.S.C.A., section 1401a(e) (section 402(e), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) to $150.00 per kilo, net packed.

It is alleged in the complaint that there is no American selling price or United States value for the imported levo base, and that export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determining the value of said merchandise, and that the export value of the levo base is $25.00 per kilo, net packed. And in the pleadings the parties admit that no domestic article like or similar to the levo base at bar was being freely sold or, in the absence of sales, offered for sale for domestic consumption at the time of exportation of the imported merchandise before the court.

At the trial the parties stipulated that the only use for the involved merchandise is in the manufacture of chloramphenicol where it is used as an intermediate, that during the period between June and August, 1968, plaintiff was the only importer of the involved levo base, and that during the period in question Parke Davis & Company of Detroit, Michigan, manufactured and produced * merchandise similar to the levo base at bar.

On the American selling price issue George Valentekovich, director of fine chemical manufacture for plaintiff, testified that plaintiff could not produce sufficient levo base in the United States to meet its manufacturing needs in the production of chloramphenicol, and consequently, looked to Europe as a source of supply because there was no available levo base in the United States at that time. In this connection, the witness explained (R. 16):

Q. Did you explore the possibility of purchasing the levo base in the United States?—A. Yes; we did. I say, again, Dr. Clark and I discussed this, and Dr. Clark approached Parke Davis, which was the sole producer of

---

* An alternative concession that Parke Davis *sold* merchandise for domestic consumption similar to that at bar conflicts with the aforementioned pleading admission that *no such sales were made, and as such,* is disregarded here by the court.

chloramphenicol at that time, and nothing came out of this. Dr. Clark asked them for selling of chloramphenicol.

Q. What period of time was this?

—A. As I recall, this was beginning of '68, I think.

Also, on the American selling price issue Gerald A. Koris, vice-president and general counsel of International Rectifiers, plaintiff's parent firm, identified correspondence which he exchanged with Parke Davis in August of 1970, in which he asked Parke Davis, among other things, if Parke Davis sold or offered to sell levo base in the United States in 1968 and 1969, and received a reply from Parke Davis to the effect that Parke Davis has not sold or offered to sell levo base in the United States and elsewhere.

The foregoing constitutes all the relevant evidence offered by plaintiff on its case in chief relative to the negation of American selling price as a basis for appraisement of the imported levo base. Other evidence introduced by plaintiff at this point bore either on the negation of United States value or on export value.

At the conclusion of plaintiff's case in chief, the defendant moved to dismiss the actions on the ground that plaintiff failed to establish a *prima facie* case on the facts and the law. In support of this motion defendant's counsel argued, among other things (R. 58–59):

It is perfectly clear in my mind, your Honor, that plaintiff has not adduced any significant evidence whatsoever dealing with the period of exportation of the merchandise in this case, July through September of 1968, which would have shown that Parke Davis, had a proper offer come along, would not have been willing to sell or would have received orders for its chloramphenicol intermediate. The burden of proof is entirely on the plaintiff, and there is not a scintilla of evidence in this case to that effect. All we have had testified to this

morning, your Honor, has been various vague references to sales of the finished product and sales or offers made in the subsequent year of 1970. Market conditions in 1968 are what we are concerned with.

Section 1401a(e) provides:

For the purposes of this section, the American selling price of any article produced in the United States shall be the price, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the article in condition packed ready for delivery, at which such article is freely sold or, in the absence of sales, offered for sale for domestic consumption in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such article when sold for domestic consumption in the ordinary course of trade and in the usual wholesale quantities, at the time of exportation of the imported article.

With respect to the alternative bases for determining American selling price as set forth in section 1401a(e), the majority of our appeals court had this to say in Hudson Shipping Co., Inc. v. United States, 43 CCPA 19, 28, C.A.D. 604 (1955):

If American selling price may be established by alternative findings, then, in this case, appellant has not made out a *prima facie* case unless he offers evidence tending to negative the existence of each alternative. The presumption is that the appraiser has found facts that would support an American selling price valuation. If importer should prove that there was no freely offered price, the inference is not that the appraiser acted incorrectly but that he found that there was a price the American owner would have received or was willing to receive. Not until importer presents evidence on this point also does he establish a *prima facie* case.

And this principle was most recently explained and reaffirmed by our appeals court in A. Zerkowitz & Co., Inc. v. United States, 58 CCPA 60, C.A.D. 1005, 435 F.2d 576 (1970), reh. den., 438 F.2d 1240, 58 CCPA 72 (1971), cert. den., 404 U.S. 831, 92 S.Ct. 72, 30 L.Ed.2d 60 (1971).

In the instant case, although the court agrees with plaintiff that the facts show that Parke Davis was the only other domestic manufacturer, producer, or owner of levo base during the relevant period, and that Parke Davis did not offer its levo base for sale during 1968, nevertheless, plaintiff has not, consistent with the principle enunciated in C.A.D. 604 and reaffirmed in C.A.D. 1005, presented any evidence in the instant case tending to establish that Parke Davis would not have sold or was not willing to sell its levo base during the period in question. The evidence presented by plaintiff goes no further than to negate sales and offers of levo base during the relevant period on Parke Davis' part, and never does get into the matter of Parke Davis' willingness to sell or whether Parke Davis would have sold its levo base. Consequently, the presumption which derives from the appraisement herein to the effect that Parke Davis would have sold its levo base or was willing to sell its levo base for domestic consumption for $150.00 per kilo, net packed, between July and September, 1968, remains wholly unrebutted. As such, the court need not make findings relative to United States and export value claims advanced by plaintiff. See Aldrich Chemical Company, Inc. v. United States, 63 Cust.Ct. 549, R.D. 11674 (1969). The court fully agrees with defendant that plaintiff has not made out a *prima facie* case. Defendant's motion to dismiss is granted, and the consolidated actions herein are dismissed for failure of proof.

Judgment will be entered herein accordingly.

[Motion to dismiss granted.]