**RACHELLE LABORATORIES, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5537.**

United States Court of Customs and Patent Appeals.

Feb. 20, 1975.

---

Edward N. Glad, Los Angeles, Cal. (Glad, Tuttle & White, Los Angeles, Cal.), atty. of record, for appellant.

Carla A. Hills, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

RICH, Judge.

This appeal is from the judgment of the United States Customs Court, 70 Cust.Ct. 114, C.D. 4416, 358 F.Supp. 1292 (1973), dismissing, after a full trial, these consolidated reappraisement actions for failure of proof. We affirm.

On four occasions between July 28 and September 5, 1968, appellant imported from West Germany the merchandise at bar, described in the complaint as D-threo-para-nitrophenyl-2-amino-propane 1,3 diol, which was stipulated to be used solely as an intermediate in the manufacture of chloramphenicol, an antibiotic, also known by the proprietary name Chloromycetin. The imported merchandise is known in the trade as "levo base" and will be so referred to herein. When entered, it was advisorily classified under Item 407.85 TSUS,[1] and charged with duty thereunder in accordance with an appraisal on the basis of American selling price, 19 U.S.C. § 1401a(e), pursuant to Part 1, headnote 4 of Schedule 4. The merchandise is not on the Final List of the Secretary of the Treasury, 93 Treas.Dec. 14, T.D. 54521, thus American selling price (alternative), 19 U.S.C. § 1402(g), is not applicable.

The merchandise was appraised at $150.00 per kilogram, net packed. Appellant appealed to the Customs Court for reappraisement, alleging that there was neither an American selling price nor a United States value, 19 U.S.C. § 1401a(c), for the merchandise and that it

---

1. Schedule 4. Chemicals And Related Products

  Part 1. Benzenoid Chemicals And Products
    *Part 1 headnotes:*

        \*    \*    \*    \*    \*    \*

    4. The ad valorem rates provided in this part shall be based upon the American selling price, * * *. If there is no similar competitive article manufactured or produced in the United States then the ad valorem rate shall be based upon the United States value * * *.

        \*    \*    \*    \*    \*    \*

*Subpart C. Finished Organic Chemical*

    \*    \*    \*    \*    \*    \*

Products suitable for medicinal use, and drugs:
Obtained, derived, or manufactured in whole or in part from any product provided for in subpart A [organic chemical crudes] or B [industrial organic chemicals] of this part:

    \*    \*    \*    \*    \*    \*

  Drugs:

    \*    \*    \*    \*    \*    \*

407.85 Other.

was entitled to have the merchandise appraised on the basis of export value, 19 U.S.C. § 1401a(b), at $25.00 per kilogram, net packed. Further factual details appear in the opinion of the trial court. All the evidence relevant to our decision is set forth below.

### Customs Court Proceedings

Although appellant and the Customs Court considered the sole issue to be whether appellant's evidence proved a prima facie case, the precise nature of the Customs Court's judgment (as distinguished from its opinion), from which this appeal is taken under 28 U.S.C. § 2601, is not entirely clear to us from the record.

At the close of appellant's case-in-chief the following colloquy ensued:

Mr. Liebman [Government counsel]: Your Honor, at this point the Government has a motion to make, and that is pursuant to rule 8.3(c) of the rules of this court for a dismissal of this case on the grounds that on the facts and the law the plaintiff has failed to prove a prima facie case.

\* \* \* \* \*. \*

Therefore, I submit on the law and the facts in this case the judgment should be entered for the Government dismissing the appeals for reappraisement in this case.

Judge Richardson: The court will reserve ruling on this motion until all the evidence is in.

Mr. Liebman: Your Honor, it's 11:30 at this point. I don't think that if I do present any witnesses that we will run beyond the luncheon recess. Therefore, I would like a short recess if your Honor will permit.

Judge Richardson: All right, I will recess this trial.

[A brief recess was taken.]

Mr. Liebman: Your Honor, can I ask for a further clarification of your ruling on my motion to dismiss, whether that was a ruling on the burden of going forward in this case?

Judge Richardson: I said I would postpone the ruling on the dismissal until the other evidence was in. In other words, I am not granting it; it will not be granted at this time.

It would appear that this ruling was not in accordance with the rule of the Customs Court under which the motion of defendant was made, which is as follows:

### Rule 8.3 Dismissal of Actions.

\* \* \* \* \* \*

(c) Insufficiency of Evidence: After the plaintiff has completed the presentation of his evidence, the defendant may, by motion, ask for a dismissal of the action on the ground that on the facts and the law plaintiff has failed to prove a prima facie case. The court shall immediately thereafter rule on the motion *before permitting any further proceedings.* If the court renders judgment on the merits against the plaintiff, the judgment shall be supported by either a statement of findings of fact and conclusions of law or an opinion stating the reasons and facts upon which the judgment is based. The motion shall be without prejudice to the right of the defendant to present evidence if the motion is denied. [Emphasis ours.]

The trial proceeded and the Government put in its case, at the close of which the record shows:

Mr. Liebman: Your Honor, I have no further witnesses. The defense does rest. However, I would like to renew my motion made at the conclusion of the plaintiff's case.

\* \* \* \* \* \*

Mr. Glad [appellant's counsel]: I would like to call a rebuttal witness, your Honor.

Judge Richardson: All right.

Mr. Glad: Mr. Koris

Mr. Liebman: Have you ruled on my motion or reserved ruling?

Judge Richardson: I am not going to rule on the motion until you file

your briefs. In other words, if you want me to rule on it it's denied.

In its opinion the court did not address the Government's evidence and concluded:

> The court fully agrees with defendant that plaintiff has not made out a *prima facie* case. Defendant's motion to dismiss is granted, and the consolidated actions herein are dismissed for failure of proof.

Judgment will be entered herein accordingly. The formal judgment, however, does not refer to the Government's motion, saying only:

> This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,
>
> IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the consolidated actions herein be, and the same hereby are, dismissed for failure of proof.

As we have pointed out before, an opinion is not a decision, but is only the court's statement of the reasons underlying its decision.

According to its own Rule 8.3(c) the court should have ruled conclusively on the Government's motion when it was timely made at the close of appellant's case-in-chief, "before permitting any further proceedings." Rule 8.3(c), unlike analogous Federal Rule of Civil Procedure 41(b),[2] does not provide that the court may decline to render judgment

until all evidence has been received; the command of Rule 8.3(c) is clearly that a motion to dismiss for plaintiff's failure to prove a prima facie case must be decided when made, at the close of plaintiff's case. The judgment was entered, however, after a full hearing, and it is that judgment, dismissing appellant's actions "for failure of proof," which we are reviewing here.

## OPINION

Since this case was tried after October 1, 1970, we have appellate jurisdiction to review questions of both fact and law in this reappraisement case. 28 U.S.C. § 1541, as amended by Pub.L. 91–271, Title I, § 102, 84 Stat. 274 (1970).

In view of its holding that appellant had failed to present a prima facie case negating the existence of an American selling price, the Customs Court declined to make findings as to appellant's export value claim. Appellant presented evidence on export value at trial and the parties have briefed before us the sufficiency of that evidence. This evidence is entirely documentary, so there is no question of credibility of witnesses which the trial court is peculiarly situated to resolve. Assuming arguendo, that appellant negated both an American selling price and a United States value for the levo base during the period of importation, we see no need to remand this case to the Customs Court for its views on export value. We hold that appellant's evidence of export value did not fulfill the second part of its dual burden of proof and affirm the judgment of the Customs Court on that ground.

---

2. **Rule 41.** *Dismissal of Actions*

\* \* \* \* \* \*

(b) *Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or *may decline to render any judgment until the close of all the evidence.* If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. [Emphasis ours.]

The sole evidence of export value appears in appellant's Exhibit 2, which is the affidavit of the foreign sales manager of Boehringer Mannheim GMBH, appellant's German supplier of levo base. It states in material part:

That after the expiration of relevant patents Boehringer Mannheim GMBH has freely offered [levo base] to any one who would care to buy for export to the United States. However, to the best of my knowledge there is no other party in the United States interested in or engaged in the purchase or processing of [levo base] except Rachelle Laboratories.

That at all times the price at which my firm is freely offering the [levo base] in question is the same as that offered and sold to Rachelle Laboratories, provided the company buying is of the same importance and trustworthiness as Rachelle Laboratories.

We supplied Rachelle Laboratories the [levo base] on the basis of F.O.B. Frankfurt/Main Airport at DM 92,-/kg net, packed, which was equivalent to approximately US$ 25,-/kg at the time of selling.

The Government criticizes the sufficiency of the affidavit because of the phrase "provided the company is of the same importance and trustworthiness as Rachelle Laboratories." It says it is evidence that Boehringer Mannheim GMBH did not freely sell levo base to those desiring to purchase it, contrary to the requirements of 19 U.S.C. § 1401a(b) for export value.[3] Appellant had the affirmative burden of establishing that levo base was freely sold or offered for sale at the price proposed by it as the export value. Inter-Maritime Forwarding Co. v. United States, 454 F.2d 1197, 1200, 88–89, C.A.D. 1044, 59 CCPA 84, (1972); see 19 U.S.C. § 1401a(f)(1). The affidavit, quoted supra, does not affirmatively show that the levo base was freely sold. Construed in the light most favorable to appellant, the affidavit shows nothing more than the willingness of Boehringer Mannheim GMBH to sell to buyers whom it deems suitable recipients for its levo base. The affidavit on its face limits the class of customers to which Boehringer Mannheim GMBH will sell levo base to those of repute greater than or equal to that of appellant. The restricted nature of the offer to sell described in the affidavit precludes the use of the price offered as the export value. *Inter-Maritime Forwarding Co.*, supra.

Appellant has not submitted the minimum of evidence which shows that all those who care to buy levo base in the usual wholesale quantities and in the ordinary course of trade have an equal opportunity to buy the usual wholesale quantities in the ordinary course of trade from Boehringer Mannheim GMBH under equal terms and conditions. Rico, Inc. v. United States, 44 Cust.Ct. 788, 793, A.R.D. 121 (1960), affirmed, 48 CCPA 110, C.A.D. 773 (1961). The judgment dismissing this action for appellant's failure to sustain its burden of proof was correct.

---

3.  Section 402(b), Tariff Act of 1930, 19 U.S.C. § 1401a(b):

    (b) Export value.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is *freely* sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States. [Emphasis ours.]