SAMUEL BRILLIANT CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81–2–00204

Before RESTANI, *Judge.*

(Decided April 4, 1985)

*Doherty, Melahn & Middleton (William E. Melahn)* for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office and *Jerry P. Wiskin,* United States Department of Justice, Civil Division, for defendant.

RESTANI, *Judge:* Plaintiff challenges the appraisement by the United States Customs Service ("Customs") of imported merchandise on the basis of American Selling Price ("ASP"). 19 U.S.C. § 1402(g) (1976) (repealed 1979). The history of ASP appraisement has been discussed in three recent opinions of this court and need not be repeated here. *See Stride Rite Corp.* v. *United States,* 9 CIT 10, Slip Op. 85–3 (January 9, 1985), *appeal docketed,* No. 85–2067 (Fed. Cir. March 11, 1985); *Academy Broadway Corp.* v. *United States,* 9 CIT 55, Slip Op. 85–16 (February 5, 1985) and *Samuel Brilliant Co.* v. *United States,* 9 CIT 180, Slip Op. 85–41 (April 4, 1985). It suffices to say that for certain items, including the footwear at issue, valuation based on the price of the imported goods is to be replaced with valuation based on the price of "like or similar" domestically produced items. Section 336 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1336 (1976) (ASP provision, 19 U.S.C. § 1336(b), repealed 1979). If such ASP valuation is not applicable, alternative appraisement based on Export Value or United States Value may apply. Section 402 of the Tariff Act of 1930, as amended, 19 U.S.C. § § 1402(a)(1), 1402(a)(2), 1402(d), 1402(e) (1976) (repealed 1979).

Jurisdication to review Customs ASP appraisement is found under 28 U.S.C. § 1581(a) (1982). Plaintiff's sole claim with regard to ASP is that its merchandise is not "like or similar to" the chosen domestic prototypes. Defendant adheres to its ASP appraisem ent and asserts that plaintiff has not demonstrated the facts necessary to its claimed alternative methods of appraisement.

The imported merchandise consists of misses' and children's footwear which was imported from Korea and entered at the port of Boston on July 21 and October 30, 1979. The import is a slip-on boot

made of shiny black rubber with a decorative red nylon band around the top edge. It is of vulcanized construction and is lined with a sock-like material. The sole has anti-slip ridges and a distinct heel. It has a hard one-layer insole. The imported merchandise is best described as a rain boot.

The domestic prototype for the children's footwear is the UniRoyal "Star Trek". It is an injection-molded rubber or synthetic rubber boot. It has no distinct heel but has very pronounced ridges on the sole of more than one-quarter inch. It has a pile lining of synthetic material and a nylon "extension" with a draw string closure. It also has a sponge-like, multi-layered insole. The "Star Trek" is best described as a children's snow boot.

The domestic prototype for the misses' boot is the UniRoyal "Sno-Chum". It is of natural or synthetic, vulcanized rubber construction. It has a fleece-type lining and a nylon extension with a draw string closure. It has a patterned sole with very low ridges, a slight heel, a multi-layered cushion insole and can best be described as a women's snow boot.

These boots are clearly not identical to the import. According to the four-part test for similarity found in numerous cases, most notably, *A. Zerkowitz & Co.* v. *United States,* 58 CCPA 60, 65, 435 F.2d 576, 580, (1970), *reh'g denied,* 58 CCPA 72, 438 F.2d 1240, *cert. denied,* 404 U.S. 831 (1971), *dismissed on remand,* 69 Cust. Ct. 228 (1972), they are not similar. The only similarity factor even partly met is that of similarity of material. As the above description indicates, the boots are neither commercially nor functionally interchangeable. *See Samuel Brilliant* v. *United States,* 9 CIT 180, Slip Op. 85–41 (April 4, 1985) (regarding cushioning and adaptability for similar use). This alone would convince the court of the non-competitive nature of the boots, but the price difference between the boots is also probative. The domestic models retail for more than twice as much as the import and the domestic boots are sold in major department stores. The import is sold in discount stores featuring lower priced shoes. These factors are significant to a determination of competitiveness and together with the physical differences between the shoes support a finding of lack of similarity. *See Samuel Brilliant,* Slip Op. 85–41 at 7–10.

The court finds the evidence relevant to alternative valuation methodology less than clear. The administrative agency charged with handling such questions is best suited to initial consideration of such evidence. Accordingly, Customs is directed to consider plaintiff's alternative valuation claims and to advise plaintiff and this court of its decision within 120 days of this order.